UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| OREGON WILD, *an Oregon nonprofit corporation*; and WILDEARTH GUARDIANS, *a New Mexico nonprofit corporation*,<br><br>      Plaintiffs,<br><br>      v.<br><br>DAVID WARNACK, *in his official capacity as Supervisor of the Willamette National Forest*; and UNITED STATES FOREST SERVICE, *a federal agency*,<br><br>      Defendants,<br><br>      and<br><br>AMERICAN FOREST RESOURCE COUNCIL,<br><br>      Defendant-Intervenor. | Case No. 6:24-cv-00949-MTK<br><br>**OPINION AND ORDER** |

**KASUBHAI,** United States District Judge:

      Plaintiffs Oregon Wild and WildEarth Guardians filed this action against Defendants David Warnack and the United States Forest Service challenging Defendants'[1] approval of the

---

[1] Since filing suit, the Court granted American Forest Resource Council's Motion to Intervene as a Defendant-Intervenor on December 12, 2024. ECF No. 24. Throughout this opinion, references to "Defendants" are to Federal Defendants David Warnack and the United States Forest Service only.

Page 1 — OPINION AND ORDER

Youngs Rock Ridgon Project. Before the Court is Plaintiffs' Motion to Complete and/or Supplement the Administrative Record. ECF No. 27. For the reasons below, Plaintiffs' motion is granted.

## BACKGROUND

This case relates to Defendants' approval of Youngs Rock Rigdon Project ("the Project") in the Upper Middle Fork Willamette Watershed. The purpose of the Project is to "improve stand and landscape diversity, structure, and resiliency; strategically reduce hazardous fuels; sustainably manage existing trail systems and dispersed recreation while minimizing impacts to natural resources; identify a sustainable road system needed for safe and efficient travel and for administration, utilization, and protection of National Forest System Lands; and provide a sustainable supply of forest products." AR22209.

Defendants issued a draft Environmental Impact Statement ("EIS") for the Project in July 2021, AR15819-16253, and solicited public comment. AR 16254-56. As relevant to this motion, Plaintiff Oregon Wild submitted a detailed 120-page public comment on August 23, 2021. AR 16318-438. That comment included a robust discussion of the impacts of logging on climate, carbon emissions, and carbon storage—extensively citing and quoting scientific literature. *Id*. The comment included hyperlinks to access the scientific literature discussed. *Id*.

Defendants issued a final EIS for the Project in March 2023. AR 17956-18431. The document included a response to Oregon Wild's comment. AR 18411-29. In their response, Defendants summarized Oregon Wild's comment with respect to various issues and provided detailed responses to the issues raised. *Id*. Defendants issued a final Record of Decision approving the Project in December 2023. AR 22205-22259.

On June 13, 2024, Plaintiffs brought this action challenging Defendants' Record of Decision and final EIS for alleged violations of the National Environmental Policy Act

Page 2 — OPINION AND ORDER

("NEPA") and the Administrative Procedure Act ("APA"). Defendants filed the administrative record in this case on October 15, 2024, supplementing it on December 20, 2024. Plaintiffs now move to complete or, in the alternative, to supplement the administrative record with nine specific articles (the "Exhibits") [2] referenced in Oregon Wild's August 23, 2021 comment on the draft EIS. *See* Exhibit 5, Campbell and Ager 2013, AR16392; Exhibit 6, Campbell et al. 2011, AR16393; Exhibit 7, Chiono et al. 2017, AR16394; Exhibit 8, Harmon 2019, AR16413; Exhibit 9, Hudiburg et al. 2019, AR16411; Exhibit 10, Mitchell et al. 2009, AR16393; Exhibit 11, Moomaw et al. 2019, AR16386; Exhibit 12, North et al. 2009, AR16402; Exhibit 13, Zhou et al. 2013, AR16430–31.

## STANDARD

Plaintiffs allege violations of NEPA and its implementing regulations, which are reviewed under the APA. 5 U.S.C. §§ 701-706. Under the APA, a court shall "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious," or otherwise unlawful. 5 U.S.C. § 706(2). An agency action is arbitrary and capricious if the agency "entirely failed to consider an important aspect of the problem, or offered an explanation that runs counter to the evidence before the agency." *Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008) (internal quotation marks omitted) (quoting *Earth Island Inst. v. U.S. Forest Serv.*, 442 F.3d 1147, 1156 (9th Cir. 2006).

Judicial review under the APA is based on the "whole record." 5 U.S.C. § 706. The whole record "consists of all documents and materials directly or indirectly considered by agency decision-makers." *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989)

---

[2] Plaintiffs also moved to compel completion or supplementation of the record with four exhibits relating to Northern Spotted Owls, but Defendants have since agreed to include these four exhibits in the record. *See* Defs.' Resp. 2 n. 2.

(citations omitted). An agency is entitled to a presumption that the administrative record it submits is complete, but that presumption may be rebutted with "clear evidence" to the contrary. *Blue Mountains Biodiversity Project v. Jeffries*, 99 F.4th 438, 445 (9th Cir. 2024) (quoting *Goffney v. Becerra*, 995 F.3d 737, 748 (9th Cir. 2021)). A reviewing court may only look outside the record "(1) if necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) when the agency has relied on documents not in the record, or (3) when supplementing the record is necessary to explain technical terms or complex subject matter." *Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996) (quotations and citation omitted).

## DISCUSSION

Plaintiffs move to compel completion or supplementation of the administrative record with the Exhibits, which are scientific literature relating to the effects of logging on climate change, carbon emissions, and carbon storage. Plaintiffs argue the Exhibits "were considered directly or indirectly by agency decision-makers in the process of analyzing and authorizing" the Project, and thus should be added to complete the administrative record. Pls.' Mot. 2. Alternatively, Plaintiffs argue that the administrative record should be supplemented with the Exhibits because they "properly fall within the exception to the record review rule that allows 'the court to determine whether the agency took into consideration all relevant factors' by 'look[ing] outside the record to determine what matters the agency should have considered but did not.'" *Id.* at 10 (quoting *Asarco, Inc. v. U.S. Env't Prot. Agency*, 616 F.2d 1153, 1160 (9th Cir. 1980)).

Plaintiffs first argue that the Court should compel Defendants to complete the administrative record because the Exhibits were considered directly or indirectly by Defendants

Page 4 — OPINION AND ORDER

when they authorized the Project. Specifically, Plaintiffs argue that because Oregon Wild's public comment presented and relied on the Exhibits, and because Defendants responded to that comment, Defendants necessarily at least indirectly considered the Exhibits.

While an agency is entitled to a presumption that the administrative record is complete, *Blue Mountains*, 99 F.4th at 445, that presumption may be overcome if a plaintiff can "(1) identify reasonable, non-speculative grounds for its belief that the documents were considered by the agency and not included in the record, and (2) identify the materials allegedly omitted from the record with sufficient specificity, as opposed to merely proffering broad categories of documents that are likely to exist." *Audubon Soc'y of Portland v. Zinke*, 2017 WL 6376464, at *4 (D. Or. Dec. 12, 2017) (internal citation omitted). The Ninth Circuit has not clearly defined what it means for documents to be "indirectly" considered by agency decision-makers. *In re United States*, 875 F.3d 1200, 1207 (9th Cir. 2017) ("[W]e have held that the record properly includes all documents and materials directly or indirectly considered by agency decision-makers, but have not yet clarified the exact scope of 'indirectly considered') (internal citation and quotations omitted), *vacated on other grounds*, 583 U.S. 29 (2017). However, the Ninth Circuit has favorably cited the proposition that documents "may not have literally passed before the eyes of the decision-makers" to have been indirectly considered. *Id*. at 1208 (quoting *GeorgiaCarry.org, Inc. v. U.S. Army Corps of Eng'rs*, 212 F.Supp.3d 1348, 1352 (N.D. Ga. 2016)).

The Court finds that Plaintiffs have presented sufficient non-speculative grounds to rebut the presumption that the administrative record submitted by Defendants is complete with respect to the Exhibits. As noted above, Oregon Wild's comment contains extensive citation to and quotation from the Exhibits, as well as hyperlinks to allow Defendants to access them.

Defendants provided a response to those comments that specifically summarizes and responds to the points made. Defendants could not have responded to Oregon Wild's comment without at least indirectly considering the Exhibits, which were central to many of the points made in the comment. In light of the substantial discussion and quotation of the Exhibits in Oregon Wild's comment, the inclusion of links to access the Exhibits, and Defendants' response to the substance of Oregon's comments, there is sufficient evidence that these Exhibits were indirectly before the decision-makers and must therefore be included to complete the administrative record.

Defendants contend that Plaintiffs' position would mean that any document referenced in public comments would necessarily become part of the record, rendering administrative records unworkably expansive. Defendants' argument is a strawman.[3] Plaintiffs are not arguing that every document they cite in their comments must be part of the record, and that is not the question before the Court. Instead, the issue before the Court is whether there is evidence that these nine specific documents (the Exhibits) were indirectly before agency decision-makers. As explained above, the evidence relating to these Exhibits specifically is sufficient to establish the incompleteness of the existing administrative record. That is the sole question asked and answered by the Court in this decision.

---

[3] Moreover, the district court case law cited by Defendants for this argument is not only nonprecedential, it is also factually distinguishable. In *Audubon Soc'y of Portland*, for example, the documents the plaintiff sought to have admitted were unavailable to it at the time of public comment, and therefore only discussed (but not presented) in its comments. 2017 WL 6376464, at *2; *see also In re Delta Smelt Consol. Cases*, 2010 WL 2520946, at *4 (E.D. Cal. June 21, 2010) ("Plaintiffs point to . . . absolutely no authority that requires an agency to track down documents referenced in a comment letter but not attached thereto"). By contrast here, the Exhibits were specifically provided via link in the comment. There is no uncertainty about the availability of the documents to the agency when considering the comment (as was the case in *Audubon Soc'y of Portland*), nor was the agency required to track them down (as was the case in *In re Delta*).

Because the Court finds that Plaintiffs have shown that the Exhibits were indirectly before Defendants and therefore properly part of the administrative record in the first instance, the Court does not address Plaintiffs' alternative argument that the record should be supplemented to include the Exhibits.

## CONCLUSION

For the reasons above, Plaintiffs' Motion to Complete and/or Supplement the Administrative Record (ECF No. 27) is GRANTED.

DATED this 1st day of July 2025.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States District Judge