ADAM R.F. GUSTAFSON
United States Department of Justice
Principal Deputy Assistant Attorney General
Environment & Natural Resources Division

SHAUN M. PETTIGREW (CA Bar No. 254564)
Senior Trial Attorney
Natural Resources Section
c/o NOAA, Damage Assessment
7600 Sand Point Way, NE
Seattle, WA 98115
(202) 532-5973
shaun.pettigrew@usdoj.gov

LAWRENCE K. PITTMAN (GA State Bar No. 568134)
Trial Attorney
Natural Resources Section
150 M St. NE
Washington, D.C. 20002
(202) 305-0420
lawrence.pittman@usdoj.gov

*Attorneys for Federal Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION**

| | | |
|---|---|---|
| OREGON WILD, an Oregon nonprofit corporation; and WILDEARTH GUARDIANS, a New Mexico nonprofit corporation, | ) ) ) ) | |
| | ) | Case No. 6:24-cv-00949-AP |
| Plaintiffs, | ) ) | |
| v. | ) ) | FEDERAL DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF |
| DAVID WARNACK, in his official capacity as Supervisor of the Willamette National Forest; and UNITED STATES FOREST SERVICE, a federal agency, | ) ) ) ) | SUPPLEMENTAL AUTHORITY |
| Federal Defendants, | ) ) | |
| and | | |

AMERICAN FOREST RESOURCE
COUNCIL,

       Defendant-Intervenor.

On March 11, 2026, shortly after Federal Defendants submitted their reply in support of their cross-motion for summary judgment on March 6, 2026, Dkt. No. 55, Plaintiffs filed a Notice of Supplemental Authority (Notice) related to a case decided on February 27, 2026, Dkt. No. 56. Because the timing of Plaintiffs' submission deprived Federal Defendants of the opportunity to respond to Plaintiffs' arguments related to the noticed supplemental authority, Federal Defendants submit this response. In short, the case Plaintiffs now rely on *Powder River Basin Res. Council v. U.S. Dep't of Interior*, No. 22-cv-2696 (TSC), 2026 WL 5555013 (D.D.C. Feb. 27, 2026) ("*PRBRC*"), is an out of circuit district court decision that does not mention (much less properly apply) *Seven County Infrastructure Coalition v. Eagle County*, 605 U.S. 168 (2025), and is clearly distinguishable on the facts.

Plaintiffs first assert that *PRBRC* "reiterat[ed] the proper standard of review for NEPA claims." Notice 2 (citing *PRBC*, 2026 WL 555013, at *3). But Plaintiffs ignore that *PRBRC* does not cite (much less properly apply) the Supreme Court's recent "course correct[ing]" decision in *Seven County* that makes clear the proper scope of review for NEPA claims: "The bedrock principle of judicial review in NEPA cases can be stated in a word: Deference." *Seven Cnty.*, 184-85; *see also id.* at 182-83 ("When assessing significant environmental effects and feasible alternatives for purposes of NEPA . . . [c]ourts should afford substantial deference and should not micromanage those agency choices so long as they fall within a broad zone of reasonableness."); *Cascadia Wildlands v. U.S. Bureau of Land Mgmt.*, 153 F.4th 869, 880 (9th Cir. 2025) (relying on *Seven County* to note "[t]he limited scope of NEPA also circumscribes the scope of judicial

1

review."). *PRBRC*'s failure to mention *Seven County* is perhaps understandable since the cross-motions for summary judgment it considered were fully briefed before the Supreme Court issued its decision. *Compare PRBRC*, 2026 WL 555013, at *2 (noting cross-motions for summary judgment filed and briefed in 2024) *with Seven Cnty.*, 605 U.S. at 168 (decided May 29, 2025). But that failure renders any reliance on *PRBRC* improper.

Even if the district court had properly applied *Seven County*, the facts in *PRBRC* are clearly distinguishable. That case involved approval of a project "to drill thousands of oil and gas wells," in which the environmental impact statement did not consider an action alternative that would reduce the number of wells beyond the number proposed by energy companies. 2026 WL 555013, at *1. Instead, the two action alternatives contemplated oil and gas development "at the same rate" and with the same "overall level of production." *Id.* at *6. In contrast, the FEIS in this case considered action alternatives that varied the proposed silvicultural treatments, resulting in substantially different levels of timber volume and effects to northern spotted owl habitat. *See* Fed. Defs.' Br. 13-14, Dkt. No. 50; Fed. Defs.' Reply 2-4. This is a far cry from the "all-or-nothing approach" the court found in *PRBRC*, 2026 WL 555013, at *7.

Further, neither *PRBRC* nor Plaintiffs mention binding Ninth Circuit precedent explaining that NEPA does not "require agencies to evaluate mid-range alternatives between action and no-action." *Earth Island Inst. v. U.S. Forest Serv.*, 87 F.4th 1054, 1065 (9th Cir. 2023) (quotations omitted). The FEIS nevertheless went beyond what NEPA requires by considering just such a mid-range alternative in Alternative 3. Fed. Defs.' Reply 4-5. Plaintiffs' demand for a mid-mid-range alternative finds no support in the Ninth Circuit. Instead, where "the Forest Service, in the exercise of its discretion, has properly determined that it is an appropriate purpose for the agency to improve habitat in forest stands in the Project area, including those that contain merchantable timber[,] . . .

2

. NEPA does not require the Forest Service to scale back its project in favor of an arguably more environmentally-friendly alternative that plaintiffs would prefer." *N. Cascades Conserv. Council v. U.S. Forest Serv.*, No. 2:20-cv-1321-RAJ-BAT, 2021 WL 8344155, at *22 (W.D. Wash. May 28, 2021), *adopted by* No. 2:20-cv-1321-DGE, 2022 WL 1043930 (W.D. Wash. April 7, 2022), *aff'd by* No. 22-35430, 2023 WL 2642930 (9th Cir. Mar. 27, 2023). And this is particularly true here where the Forest Service explained that elements comprising Plaintiffs' proposed "conservation alternative" were either included in elements of the action alternatives or were inconsistent with the purpose and need for action to create late seral open forest and restore fire resiliency to the landscape. *See* Fed. Defs.' Br. 15-16 (citations omitted).

Plaintiffs also claim *PRBRC* supports vacatur of the Project. Notice 2-3. Again, however, *PRBRC* (and Plaintiffs) ignores *Seven County*'s admonition that "[e]ven if an EIS falls short in some respects, that deficiency may not necessarily require a court to vacate the agency's ultimate approval of a project, at least absent reason to believe that the agency might disapprove the project if it added more to the EIS." 605 U.S. at 184-85. That is because the "ultimate question is not whether an EIS in and of itself is inadequate, but whether the agency's final decision was reasonable and reasonably explained." *Id.* at 184. Here, the Project was reasonable and reasonably explained, and Plaintiffs cannot show that there is reason to believe the Forest Service might disapprove the Project if it added more to the FEIS. *See* Fed. Defs.' Reply 26-27.

Respectfully submitted this 20th day of March, 2026.

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Environment & Natural Resources Division

3

*/s/ Shaun M. Pettigrew*
SHAUN M. PETTIGREW
Senior Trial Attorney, CA Bar No. 254564
c/o NOAA Damage Assessment
7600 Sand Point Way, NE
Seattle, WA 98115
(202) 532-5973
shaun.pettigrew@usdoj.gov

LAWRENCE K. PITTMAN (GA State Bar No. 568134)
Trial Attorney
Natural Resources Section
150 M St. NE
Washington, D.C. 20002
(202) 305-0420
lawrence.pittman@usdoj.gov

*Attorneys for Federal Defendants*

4