John S. Persell (OSB # 084400)
Oregon Wild
5825 N Greeley Avenue
Portland, OR 97217
(503) 896-6472
jp@oregonwild.org

Erin E. Hogan-Freemole (OSB # 212850)
WildEarth Guardians
213 SW Ash Street, Suite 202
Portland, OR 97204
(971) 417-6851
ehoganfreemole@wildearthguardians.org

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
### EUGENE DIVISION

| | |
|---|---|
| **OREGON WILD** and **WILDEARTH GUARDIANS**, <br><br> Plaintiffs, <br><br> v. <br><br> **DAVID WARNACK**, in his official capacity as Supervisor for Willamette National Forest; and **UNITED STATES FOREST SERVICE**, <br><br> Defendants, <br><br> and <br><br> **AMERICAN FOREST RESOURCE COUNCIL**, <br><br> Defendant-Intervenor. | Case No. 6:24-cv-949-AP <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANT-INTERVENOR'S NOTICE OF SUPPLEMENTAL AUTHORITY** |

1 – RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs Oregon Wild and WildEarth Guardians respectfully submit this response to Defendant-Intervenor American Forest Resource Council's ("AFRC's") notice of supplemental authority and Exhibit 1: *Cascadia Wildlands et al. v. Bureau of Land Management*, No. 6:24-cv-1641-MTK, 2026 WL 1346855 (D. Or. May 14, 2026) ("*Blue and Gold*").

In the *Blue and Gold* opinion, this court reviewed a claim that the Bureau of Land Management failed to take an adequate "hard look" under NEPA at the impacts of the Blue and Gold Harvest Plan on carbon storage and climate change. *Blue and Gold*, 2026 WL 1346855, at *13-14. The court held that, on the facts before it, the Montana District Court's decision concerning the Black Ram logging project was "not persuasive" specifically as to the Blue and Gold Harvest Plan. *See id.* at *14 (citing *Ctr. for Biological Diversity v. U.S. Forest Serv.*, 687 F. Supp. 3d 1053 (D. Mont. 2023) ("*Black Ram*")).

The court went on to recognize that in *Black Ram*, "the Forest Service failed to take a hard look at climate impacts by 'merely discussing carbon impacts and concluding that they will be minor,'" and that by "discuss[ing] the project's impacts on carbon emissions 'only in general terms,' it violated NEPA." *Id.* at *14. The court then factually distinguished the two cases, specifically noting that the Forest Service in the *Black Ram* case "did not issue a comprehensive FEIS" that encompassed carbon and climate impacts, while the BLM had been able to rely on just such a programmatic FEIS in its analysis of the Blue and Gold Harvest Plan. *Id.*[1] According to the court, "[t]iering [to] BLM's analysis of carbon storage and climate change in the 2016 FEIS was sufficient to satisfy its obligations under NEPA and the APA."

---

[1] AFRC also asserts that "the same court and even the same judge" has not followed the *Black Ram* holding. AFRC Notice at 1 (ECF No. 60). AFRC omits that the subsequent decision it refers to also distinguished *Black Ram* on the fact that the logging project at issue tiered to a recent forest plan EIS, just as this court did in *Blue and Gold*. *See Ctr. for Biological Diversity v. U.S. Forest Serv.*, 811 F. Supp. 3d 1206, 1219 (D. Mont. 2025).

2 – RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY

The facts here regarding the Forest Service's Youngs Rock Rigdon Project are not like the facts in *Blue and Gold*. Here, the Forest Service is not tiering to any comprehensive analysis of carbon or climate impacts, for the agency has never done such an analysis. Instead, just as in *Black Ram*, the Forest Service merely discussed the Youngs Rock Rigdon Project's carbon impacts only briefly and in general terms before concluding that they would be minor. AR18252; Pls.' MSJ at 35 (ECF No. 41); Pls.' Resp./Reply at 29 (ECF No. 52). And as the Ninth Circuit held in *350 Montana v. Haaland*, "[w]ithout some articulated criteria for significance," a conclusion that carbon emissions will be minor is "insufficient to meet [the agency's] burden." 50 F.4th 1254, 1266 (9th Cir. 2022); Pls.' MSJ at 35; Pls.' Resp./Reply at 29.

Although the court found *Black Ram* "not persuasive" on the facts before it in the *Blue and Gold* case, those distinguishing facts are absent here regarding the Forest Service's carbon and climate analysis for the Youngs Rock Rigdon Project. The court's *Blue and Gold* analysis supports Plaintiffs' carbon claim here, and *Black Ram* remains persuasive on the facts before the Court in the present case.

Respectfully submitted this 29th day of May, 2026.

*/s/ John S. Persell*
John S. Persell (OSB # 084400)
Oregon Wild
5825 N Greeley Avenue
Portland, OR 97217
(503) 896-6472
jp@oregonwild.org

Erin E. Hogan-Freemole (OSB # 212850)
WildEarth Guardians
213 SW Ash Street, Suite 202
Portland, OR 97204
(971) 417-6851
ehoganfreemole@wildearthguardians.org

*Attorneys for Plaintiffs*

3 – RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY